IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WARREN B. KATZ,<br>FED ID #86470-022, | ) ) | CIV. NO. 09-00412 SOM-LEK |
| | ) | ORDER DISMISSING HABEAS |
| Petitioner, | ) | PETITION |
| | ) | |
| vs. | ) | |
| | ) | |
| LINDA MCGREW, BUREAU OF<br>PRISONS, UNITED STATES OF<br>AMERICA, | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## ORDER DISMISSING HABEAS PETITION

On September 1, 2009, Petitioner Warren B. Katz submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  Katz is a federal prisoner incarcerated at the Federal Detention Center ("FDC"), located in Honolulu, Hawaii. For the following reasons Katz's petition is DISMISSED.

### I.  BACKGROUND

The petition raises two grounds: (1) Katz, an Orthodox Jew, alleges that FDC fails to accommodate his religious needs and seeks a transfer to a mainland facility so that he will be able to "practice [his] religious requirements of eating and praying in a Sukkah" for the Jewish High Holy Days beginning on or about September 20, 2009; and (2) Katz seeks transfer to a mainland facility commensurate with his low security level, alleging that FDC is a Maximum Security Facility and that he is housed with "all variety of security levels" and state prisoners

in violation of Federal Bureau of Prisons ("BOP") policy.  (Pet. 2.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).  While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").  Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian.  *Hernandez*, 204 F.3d at 865.

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]

### III.  DISCUSSION

### A.  Religious Accommodation Claim

Katz's claim that the FDC has failed to accommodate his religious needs concerns the conditions of his confinement, and does not entitle him to relief under § 2241. *See Lucas v. Hartley*, No. 08-1806 YNP-DLB, 2009 WL 1930063, at *1 (E.D. Cal. June 30, 2009) (dismissing free exercise of religion claims under § 2254 stating that "these grounds are clearly not candidates for habeas relief"); *Beiruti v. Sugrue*, No. 09-360 TAG-HC, 2009 WL 902048, at *1 (E.D. Cal. Apr. 2, 2009) (dismissing a § 2241 petition and concluding that the prison's failure to provide petitioner "with Muslim meals . . . concern[s] the conditions of Petitioner's confinement and are claims more appropriately heard in a civil rights action").

---

[1]Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[t]he district court may apply any or all these rules to a habeas corpus petition not covered by Rule 1(a)."  The court therefore applies the Rules Governing Section 2254 Cases to Katz's habeas corpus action filed pursuant to § 2241.

As Katz clearly recognized when he brought these same claims in three other prisoner civil rights actions,[2] Katz's religious accommodation claims should be brought as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[;] . . . requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).  Katz's religious accommodation claim is DISMISSED without prejudice because it does not allege grounds entitling him to relief under § 2241.

**B.  Custody Classification Claim**

Katz seeks a transfer to a mainland facility commensurate with his minimum security classification.  (Pet. 2.) The law is somewhat muddled among the circuit courts regarding whether a petitioner may seek relief under § 2241 concerning a prison transfer or whether he must present his claims in a civil

---

[2]*See* Civ. No. 08-00489 SOM-LEK (dismissed for failure to pay); Civ. No. 09-00042 HG-KSC (pending adoption of Findings and Recommendation to dismiss for failure to serve); and Civ. No. 09-00435 JMS-LEK (dismissed as frivolous for repeating pending claims in Civ. No. 09-00042).

4

rights action.[3]  The case law in the Ninth Circuit is unclear.

In *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), the

_____

[3]The Third and Seventh Circuits have found challenges to
prison transfers cognizable under § 2241 in limited
circumstances.  *Ganim v. Fed. Bureau of Prisons*, 235 Fed. Appx.
882, 883 (3rd Cir. 2007) (noting that transfers to a residential
re-entry center warrant review under § 2241, while claims
regarding "a challenge to a decision relating to a simple or
garden variety transfer" are not properly brought under § 2241);
*Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) ("[H]abeas
corpus cannot be used to challenge a transfer between prisons . .
. unless the custody in which the transferred prisoner will find
himself when transferred is so much more restrictive than his
former custody that the transfer can fairly be said to have
brought about . . . a quantum change in the level of custody." ).
Along with the Third Circuit, the First and Sixth Circuits hold
that transfer issues regarding residential re-entry centers are
cognizable under § 2241.  *See Demis v. Sniezek*, 558 F.3d 508, 512
(6th Cir. 2009) (finding jurisdiction under § 2241 for habeas
petition challenging BOP's regulations prohibiting consideration
of petitioner's transfer request to a residential re-entry
center); *Muniz v. Sabol*, 517 F.3d 29, 34 (1st Cir. 2008)
(jurisdiction under § 2241 is appropriate for a habeas petition
concerning BOP's denial of a transfer to a residential re-entry
center).

This case involves Katz's request for transfer to another
prison.  It does not involve a transfer to a residential re-entry
center, which would necessarily be a transfer to a markedly less-
restrictive custody and thus would appear to concern the actual
"execution" of his sentence, as opposed to a transfer from one
federal institution to another (i.e., based on classification,
BOP regulations, etc.).

The Second Circuit broadly describes the use of § 2241.  *See
Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (matters
challengeable under § 2241 include "prison disciplinary actions,
prison transfers, type of detention and prison conditions").  The
Tenth Circuit has held that state prisoners may challenge
transfers to out-of-state prisons procedurally under § 2241, *see
Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), but a challenge
to execution of a sentence focusing on a transfer from a medium
to a maximum security facility fails to allege a valid factual
basis for a § 2241 petition, see *Antonelli v. Keffer*, 243 Fed.
Appx. 384, 386 (10th Cir. 2007).

Ninth Circuit ruled that "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release . . . . [H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." One year later, in *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004), the court suggested, without any discussion, that a federal prisoner may bring a challenge to a prison transfer under § 2241.  This court, however, need not reach this issue because Katz fails to state a claim under either § 2241 or in a civil rights action.

There is no constitutional right to be held at, or transferred to, a particular institution.  *See White*, 370 F.3d at 1013-14 (no constitutional right to imprisonment in a particular prison); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (no constitutional right to incarceration in a particular prison); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest created when state prisoners are transferred to prisons with more severe rules); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (prisoner has no right to be housed in a less restrictive section of a facility); *Estrada v. Chavez*, No. 08-1358 PHX-NVW, 2009 WL 1383328, at *7 (D. Ariz. May 15, 2009) (denying § 2241 claim seeking transfer to a low security institution because "Petitioner does not have a constitutional

right to be transferred to a facility more desirable to him"). Katz's custody classification claim is DISMISSED with prejudice because it fails to state a claim and is not cognizable under § 2241 or in a civil rights action.

**C.   The Petition Is Not Construed As A Civil Rights Action**

Because Katz has an active civil rights lawsuit, alleging, *inter alia*, the same claims against the same Defendants, *see* Civ. No. 09-00042 HG, this court will not construe this petition as a civil rights complaint, although it has discretion to do so.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds*, 42 U.S.C. § 1997e *et seq.*  On August 6, 2009, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendation to dismiss that action without prejudice, because Katz had failed to effect service on Defendants.  Katz is aware of this recommendation and is apparently using this petition to circumvent the requirement that he serve Defendants in Civ. No. 09-00042 HG.  The court serves habeas petitions on respondents, and Katz argued that he believed the same was true in civil rights actions.  Katz, however, was clearly directed by the court and by Defendants that he must serve his civil rights complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.[4]  In light of Katz's

---

[4]Katz was not proceeding *in forma pauperis* in Civ. No. 09-00042 HG-LEK and was therefore required to effect service
(continued...)

7

outstanding civil rights action, and his failure to perfect service despite direction and leniency by the court, construing this petition as a civil rights complaint would allow Katz to circumvent the court's orders and the Federal Rules of Civil Procedure.

Construing this petition as a civil rights complaint would also be improper because it would be duplicative of Civ. No. 09-00042 HG-KSC.  Under 29 U.S.C. § 1915A(b)(1), a prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The court therefore declines to construe Katz's petition as a civil rights complaint.  Because Katz is currently litigating the same claims presented in the instant action in Civ. No. 09-00042 HG-KSC, the court further bases its dismissal without prejudice of the instant action on the finding that it is

---

[4](...continued)
himself.

8

frivolous and thus subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2.

## IV.  <u>CONCLUSION</u>

The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED because it does not allege grounds that would entitle Katz to habeas corpus relief.  Specifically, Katz's religious accommodation claim is DISMISSED WITHOUT PREJUDICE because it is not cognizable under § 2241.  The court notes that this dismissal is without prejudice so that Katz may, if he chooses, file another action based on his religious accommodation claims.  If Katz chooses to do so, he must pay the filing fee, unless his circumstances have changed, and he must serve the complaint as required under Federal Rule of Civil Procedure 4.[5]  Katz's custody classification claim is DISMISSED WITH PREJUDICE because it fails to state a claim and is not

---

[5]The court notes that, in the present action, Katz has paid no filing fee.  Nor has he submitted an Application To Proceed In Forma Pauperis.  Dismissal without prejudice is warranted on that additional ground.

cognizable under § 2241.  The petition is further DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2009.



_/s/ Susan Oki Mollway_____
Susan Oki Mollway
Chief United States District Judge

_Katz v. McGrew, et al.,_ Civ. No. 09-00412 SOM-LEK; ORDER DISMISSING PETITION; pro se attnys/Habeas/KAM 09-412 SOM (2241 FTSC Final)